UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-23014-CIV-MORENO

SCOTT MICAL, on his own behalf and others similarly situated,

    Plaintiff,

vs.

GOLD COAST GLASS CORP., a Florida profit corporation, and GERARD J. MICAL, individually,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Count II of Amended Complaint of Plaintiff Scott Mical for Failure to State a Cause of Action (**D.E. No. 28**), filed on **November 15, 2013**. Plaintiff Scott Mical filed this lawsuit against Defendants Gold Coast Glass Corp. and Gerard J. Mical pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and the Declaratory Judgment Act, 28 U.S.C. § 2201. The basis of the suit is Plaintiff's allegation that when he worked for the Defendants from August 14, 2010 through August 14, 2013, he worked overtime for which he was not paid and to which he is entitled. In Count I, Plaintiff requests unpaid overtime, compensatory damages, and attorneys fees and costs; he seeks declaratory relief in Count II.

The Court finds that, in Count II, Plaintiff fails to satisfy his burden of demonstrating grounds that would entitle him to declaratory relief. He does not demonstrate how he personally faces

prospective harm from the Defendants, and although Plaintiff brings his claims on behalf of himself "and other similarly situated employees", he has not moved for class certification to include current or former employees who may face harm from Defendants. This Court thereby GRANTS Defendants' Motion to Dismiss Court II of Plaintiff's Amended Complaint.

## I.     Legal Standard

Under Rule 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In other words, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the

required element. *Twombly*, 550 U.S. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**II.   Analysis**

Federal law provides for a remedy of a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. 28 U.S.C. § 2201 (a) provides, in pertinent part, that "any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.§ 2201.  28 U.S.C. §2202 then provides that "further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing against any adverse party whose rights have been determined by such judgment." Here, a request for Declaratory Relief is brought by Plaintiff under § 2201.  However, Plaintiff's factual allegations do not give rise to a cause of action for Declaratory Relief.

In this action for overtime pay, Plaintiff asks the trier of fact to make findings regarding alleged acts that were committed during his employment with Defendants. Notably, Plaintiff is no longer employed with Defendant. For this reason, declaratory relief is inappropriate. In *Sierra Equity Group. Inc. V. White Oak Equity Partners, LLC*, for example, the plaintiffs brought multiple counts against the defendants for past wrongdoing. 650 F. Supp. 2d 1213 (S.D.Fla. 2009). Counts were brought for a declaratory judgment pursuant to 28 U.S.C. § 2201, wherein the plaintiff asked the court to make factual determinations regarding the defendants' alleged past tortious acts. The court explained that "the purpose of the Declaratory Judgment Act is to clarify legal relations at issue and

to settle controversies prior to a legal breach of duty." *Id.* at 1231. The *Sierra Equity* court cited *Public Affairs Associates v. Rickover*, 369 U.S. 111 (1962), noting that the Supreme Court found in *Rickover* that the Declaratory Judgment Act authorizes federal courts to make declarations of rights as to impending conduct on a discretionary basis. *Sierra Equity,* 650 F.Supp. 2d at 1231 (citing *Rickover,* 369 U.S. at 112). *See also Ceant v. Aventura Limousine & Transportation Service. Inc.*, 874 F. Supp. 2d 1373, 1382 (S.D. Fla. 2012). The *Sierra Equity* court ultimately found that in bringing claims only relevant to past conduct, without alleging prospect of future harm, the plaintiff "failed to allege sufficiently a basis upon which declaratory relief would be granted." *Id.* at 1231.

Similarly, in this case, Plaintiff's plea in Count II for Declaratory Relief is based on alleged past conduct in an employment overtime dispute. This Court recognizes that there is a dearth of cases that discuss the appropriateness of a claim for declaratory relief in an FLSA case. However, dismissal of the declaratory relief claim is appropriate here because Plaintiff is a former employee of Defendants. Thereby there is an absence of prospective harm. The court in *Elend v. Basham* held that declaratory relief is appropriate only when future injury looms with "a high degree of immediacy." 471 F.3d 1199 (11th Cir. 2006) (citing *31 Foster Children v. Bush*, 329 F. 3d 1255, 1266-67 (11th Cir. 2003)); *see also Salazar–Martinez v. Fowler Brothers, Inc.*, 2011 WL 915675 (W.D.N.Y. Mar.15, 2011) (denying motion to dismiss declaratory relief count in an FLSA case); *Puleo v. SMG Property Mgmt.*, 2008 WL 3889727 (M.D.Fla. Aug.2008) (same). The Plaintiff, who is no longer employed by Defendant, has no continuing or imminent future injury claim and cannot allege that he may be entitled to declaratory relief. *See, e.g., Padjuran v. Aventura Limousine & Transp. Serv. Inc.*, 500 F. Supp. 2d 1359, 1361-1362 (S.D. Fla. 2007) (request for declaratory relief denied).

### III. Conclusion

Plaintiff has failed to satisfy his burden to provide in Count II of his Complaint a short and plain statement of a claim showing that he is entitled to declaratory relief. Plaintiff is no longer an employee with the Defendants, and has failed to yet move for certification of a class of individuals "similarly situated" who could face continuing harm during employment by Defendants. This Court thereby GRANTS Defendants' Motion to Dismiss Court II of Plaintiff's Amended Complaint. If the Plaintiff later moves to certify a class of other similarly situated employees (current or former), declaratory relief could be appropriate and the Court may reconsider a claim for declaratory relief.

DONE AND ORDERED in Chambers at Miami, Florida, this ⁄⁄ day of January, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record